(March 5, 1920.)

## S. HENRY LAIRD, Plaintiff, v. ROBERT M. TERRELL, Judge of the Fifth Judicial District, Defendant.

[187 Pac. 1080.]

MANDAMUS—DISCRETION OF JUDGE.

> *Mandamus* will not issue to a district judge to control his discretion, but a writ will issue to require him to act in a matter pending before him.
>
> [As to right of private person to *mandamus* to enforce performance of duty by court or magistrate, see notes in 9 **Ann. Cas.** 1074; **Ann. Cas.** 1912A, 1118.]

Original application for writ of mandate. *Granted.*

S. Henry Laird, *pro se.*

J. M. Stevens, for Defendant.

No briefs filed.

RICE, J.—The plaintiff filed an information in the district court, wherein he alleged that the prosecuting attorney of Power county had refused to perform the official duties pertaining to his office, and praying that a citation be issued and demanding that he be removed from his office.

The matter was presented to the defendant in this action, who is one of the judges of the district court of the fifth judicial district. The defendant declined to issue a citation in the case. Upon application of the plaintiff, an alternative writ of mandate was issued out of this court, commanding the defendant to issue a citation to the prosecuting attorney or show cause for his refusal so to do. In his return to the alternative writ, defendant states that after examining the information of plaintiff, and certain exhibits attached thereto, he was convinced, and is now convinced, that the information does not state a sufficient charge upon which to base the cita-

tion called for, and that in his opinion the plaintiff had called upon the court to initiate that which would have been a vain and useless proceeding.

*Mandamus* will not control the discretion of a judge or court; neither may a proceeding in *mandamus* be permitted to take the place of an appeal. We are not called upon to determine finally in this action the sufficiency of the information filed by plaintiff in the district court for the removal of the prosecuting attorney, but the defendant should, if he deems the information insufficient to justify the issuance of a citation to the prosecuting attorney, enter a final judgment dismissing the proceeding.

A peremptory writ will therefore issue, directing the defendant to proceed in the cause in such manner as in his discretion he deems proper.

Morgan, C. J., and Budge, J., concur.